At May Term, 1814, the following judgment was given by the court: "Thejudgment of the court is that there is such a record."
Question for the Supreme Court, whether the defendant can give in evidence judgments obtained on simple contracts rendered against her before issuing notice of this sci. fa. and without notice of the bond; and whether this bond is to be considered such a debt of record that judgments on debts of inferior degree, without notice, and payments thereon, amount to adevastavit.
The case was submitted without argument.
The duty of an executor would be attended (297) with infinite peril if he could not safely pay simple contract debts before he has notice of a bond; for then a bond creditor might withhold his claim till all the assets were exhausted in the payment of simple contract debts, and compel the executor to pay de bonis propriis.
But the rule is that an executor may pay debts of an inferior nature before those of a superior of which he has no notice, provided such payment is made without fraud. In debt on bond, the defendant, being an executor, pleaded a judgment had against him on a simple contract debt ultra, etc., and upon demurrer the plea was holden good. Davis v. Monkhouse, Fitzg., 76.
But even notice of the bond in this case could not, it is believed, have bound the assets before judgment, in exclusion of simple contract creditors, because it was not for the payment of a sum certain, but depended upon a contingency whether the testator's estate would become chargeable with it; for until the appellant failed to prosecute the appeal with effect, and neglected to perform the judgment of the appellate court, the bond was not forfeited. It has accordingly been decided that a contingent security, as a bond to save harmless, shall not stand in the way of a debt by simple contract. 2 Vern., 101. We are therefore of opinion that the evidence of payment of inferior debts was properly received in this case, and that the verdict for the defendant ought to remain.
NOTE. — Upon the question of notice to an executor or administrator of a debt of higher dignity, see Brown v. Lane, 3 N.C. 159. In Evans v. Norris, *Page 230 2 N.C. 411, it is said that debts due shall be paid in preference to those not due, as to which see the editor's note to that case. A set off of a simple contract debt is not to be disallowed because there are outstanding debts of a higher dignity. Austin v. Holmes, 23 N.C. 399.
Cited: Green v. Williams, 33 N.C. 141; Whitley v. Alexander, 73 N.C. 462.
(298)